Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| OFICINA DEL PROCURADOR DE LAS PERSONAS DE EDAD AVANZADA (OPPEA) <br><br> Recurrida <br><br> v. <br><br> A & M CONTRACT, INC. <br><br> Recurrente | TA2026RA00005 | Revisión Administrativa procedente de la Oficina del Procurador de las Personas de Edad Avanzada <br><br> Caso Núm.: 2024-005 OC <br><br> Sobre: Querella |
|---|---|---|

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Comparece A&M Contract Inc. mediante revisión judicial y solicita que revoquemos la *Resolución Sumaria y Orden* de la Oficina del Procurador de las Personas de Edad Avanzada (OPPEA), emitida el 4 de septiembre de 2025. En dicho dictamen, se impuso una multa y varias medidas correctivas contra la recurrente. Por los fundamentos que expresaremos, confirmamos la *Resolución Sumaria y Orden* recurrida.

En síntesis, el 9 de octubre de 2024, la Oficina de Asuntos Legales (en adelante, "OAL") de la Oficina del Procurador de las Personas de Edad Avanzada (OPPEA) presentó una querella enmendada a la Oficina de Oficiales Examinadores de dicha agencia para solicitar un procedimiento adjudicativo y medidas correctivas en contra de A&M. Según la OAL alegó, durante los días 1 y 7 de agosto

de 2024, funcionarios de la Procuraduría de Protección y Defensa de la OPPEA visitaron la Égida Leopoldo Figueroa, a causa de que el 31 de julio de 2024 aconteció el hallazgo de dos (2) cuerpos de adultos mayores fallecidos. A consecuencia de esta investigación, se instó la antes referida querella por encontrarse una variedad de deficiencias serias y negligencias crasas en el mantenimiento y la seguridad de la Égida presuntamente ocasionados por la recurrente. Por ello, la OAL solicitó que se le impusieran una serie de multas y medidas correctivas.

Eventualmente, y mediante el escrito conjunto sobre *Moción de Estipulación en Solicitud que se Dicte Resolución Sumaria Parcial a Favor de A&M* […] de la OAL y A&M, la OAL expresó que la parte recurrente realizó acciones afirmativas dirigidas a brindar bienestar, calidad de vida y trato digno a la población de adultos mayores de la Égida en controversia. Por lo dispuesto, la OAL sometió la referida solicitud a tenor con la Regla 24 del Reglamento de Procedimientos Adjudicativos y Multas de la Oficina del Procurador de las Personas de Edad Avanzadas, Reglamento Núm. 9540 de 11 de marzo de 2024, págs. 26-27.

Ante estas circunstancias, la OPPEA emitió una *Resolución Sumaria y Orden* en el cual se concluyó que, aunque A&M demostró diligencia en subsanar las deficiencias señaladas en su contra, no se presentó prueba satisfactoria de cumplimiento con los hallazgos en cuanto a privacidad y confidencialidad, protocolo en situaciones de emergencia, auditorías independientes, expedientes, inspecciones anuales y cumplimiento con el plan de programas de autosuficiencia. Por tanto, se declaró ha lugar la querella y se impuso una multa de seis mil ($6,000.00) dólares, más varias medidas correctivas.

A razón de lo antes expuesto, el 19 de septiembre de 2025, la recurrente solicitó reconsideración y alegó que en mayo 2025 las partes lograron un acuerdo de transacción y estipulación, la cual consistió en que, ante el cumplimiento cabal y la colaboración de la recurrente, la resolución sumaria se emitiría a favor de A&M. Además, durante la vista argumentativa de reconsideración del 16 de octubre de 2025, la recurrente argumentó que el título no hace la cosa y que, según posteriormente alega, la OAL vertió para el récord que la moción conjunta tenía la intención de ser una solicitud de desistimiento, todo por lo cual la *Moción de Estipulación* […] de la recurrida debería considerarse como un anuncio de desistimiento por estipulación. No obstante, la OPPEA dispuso que el acuerdo referido por A&M no fue una estipulación transaccional extrajudicial, ya que la Oficina de Asuntos Legales no solicitó el desistimiento. Asimismo, la OPPEA adujo que no se presentó un contrato transaccional, sino una solicitud de resolución sumaria junto a otros documentos. Por tanto, la OPPEA se reafirmó en lo decidido en la *Resolución Sumaria y Orden*.

Insatisfecha, la recurrente acude ante este Tribunal y alega que la OPPEA erró al descartar el acuerdo de transacción judicial, esto a pesar de que en la vista argumentativa de reconsideración del 16 de octubre de 2025 la OAL vertió para el récord de manera verbal que esa fue la intención de la moción conjunta independientemente de lo que dijera el título de la moción. A pesar de este Tribunal autorizar la presentación de la transcripción solicitada por la parte recurrente, ésta nunca lo hizo. Por tanto, y sin la parte recurrida tampoco haber presentado su oposición, resolvemos.

La *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas, ordinariamente a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. *Vélez Rodríguez v. ARPe*, 167 DPR 684 (2006). Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de PR*, 176 DPR 978 (2009).

Conforme con lo discutido, la transacción es aquel contrato en el cual las partes, mediante concesiones recíprocas, ponen fin a un litigio o a su incertidumbre sobre una relación jurídica. Art. 1497 del Código Civil de 2020, 31 LPRA sec. 10641. Véase *US Fire Insurance v. AEE*, 174 DPR 846 (2008); *López Tristani v. Maldonado*, 168 DPR 838 (2006). De tal manera, el contrato de transacción es accesorio, bilateral, reciproco, oneroso y consensual. *Feliciano Aguayo v. MAPFRE*, 207 DPR 138 (2021) (citando a *Mun. de San Juan v. Prof. Research*, 171 DPR 219 (2007); *A. Martínez & Co. v. Long Const. Co.*, 101 DPR 830 (1973)). Para perfeccionar un contrato de transacción, deben concurrir (1) una relación jurídica incierta y litigiosa; (2) la intención de los contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable; y (3) las reciprocas concesiones de las partes. Íd. (citando a *Mun. de San Juan v. Prof. Research*, *supra*). Dentro de todo, los contratos transaccionales serán interpretados de una manera restrictiva, es decir, no se entenderá como comprendidos en el contrato asuntos o casos distintos de aquellos sobre los que las partes se propusieron contratar. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a L. R. Rivera Rivera, *El contrato de transacción: sus efectos en situaciones de solidaridad*, 1.ª ed., San Juan, Ed. Jurídica Editores, 1998, pág. 61); *López Tristani v. Maldonado*, *supra* (citando a *Sucn. Román v. Shelga Corp.*, 111 DPR 782 (1981)).

Dicho esto, cuando aún esté pendiente la resolución de un pleito, cualquier transacción extrajudicial a la cual las partes acuerden solamente requerirá un mero aviso de desistimiento, así evitando la intervención del tribunal. *Neca Mortg. Corp. v. A & W Dev. SE*, 137

DPR 860 (1995). Dicho desistimiento por estipulación solamente podrá lograrse sin una orden del tribunal mediante (1) la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria; o (2) la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. Regla 39.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Así las cosas, el oficial examinador de un caso de la OPPEA podrá recomendar al Procurador aceptar el desistimiento de una querella por iniciativa propia o a solicitud de parte, siempre y cuando el caso involucre, entre otros, un querellante que desista voluntariamente previo a la celebración de la vista administrativa. Reglamento de Procedimientos Adjudicativos y Multas de la Oficina del Procurador de las Personas de Edad Avanzada, Reglamento Núm. 9540 de 11 de marzo de 2024, Regla 10.1, pág. 15. Sabido esto, el querellante podrá desistir de su querella mediante (1) la presentación de una moción o escrito de desistimiento previo a la vista; y (2) estipulación de las partes en cualquier etapa de los procedimientos. Íd., pág. 16.

Por otro lado, la Regla 24 del Reglamento de Procedimientos Adjudicativos y Multas, *supra*, págs. 26-27, especifica que la Oficina de Oficiales Examinadores, a solicitud de parte, podrá emitir una resolución sumaria o recomendar al Procurador que se dicte resolución sumaria final sin necesidad de celebrar una vista adjudicativa. Esto, siempre y cuando el oficial examinador (1) analice los documentos que acompañan la solicitud de orden o resolución sumaria; (2) permita que la otra parte presente moción o escrito en oposición; (3) evalúe los

documentos incluidos en dicha oposición; y (4) evalúe los documentos que obren en el expediente. Íd.

En el presenten caso, la OPPEA actuó correctamente al acoger la solicitud de la Oficina de Asuntos Legales como una de resolución sumaria y declarar ha lugar la querella. Del expediente se desprende que la Oficina de Asuntos Legales solicitó que se dictara una resolución sumaria, toda vez que dicha moción se hizo al amparo de la Regla 24 del Reglamento de Procedimientos Adjudicativos y Multas, *supra*, y no al amparo de alguna disposición de transaccional o de desistimiento. Más aun, la parte recurrente nunca presentó la transcripción que había solicitado y que está vinculada a sus alegaciones sobre expresión de desistimiento, por lo cual no nos puso en posición para evaluar la veracidad y contexto de sus argumentos, especialmente en cuanto a la intención de la OAL de renunciar o no de la querella. Por tanto, no advertimos razón alguna por intervenir en la determinación de la OPPEA.

Por los fundamentos expresados, confirmamos la *Resolución Sumaria y Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones